Scott C. Borison (SBN 289456)
1900 S. Norfolk St. Suite 350
San Mateo CA 94403
(301) 620-1016
Scott@borisonfirm.com
*Attorneys for Plaintiff*

*Additional Counsel that will file for Pro Hac Vice admission on signature page*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMMEL AMANSEC, *individually and on behalf others similarly situated*,<br><br>Plaintiff,<br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC., c/o Resident Agent Corporation Service Company Dba CSC – Lawyers Incorporating Serv. 2710 Gateway Oaks Dr. Suite 150 N Sacramento CA 95833<br><br>Defendant. | Case No. **'20CV0752 GPC MDD**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiff, Rommel Amansec ("Amansec"), on behalf of himself and all others similarly situated, by and through his undersigned attorney, brings this Class Action Complaint against Defendant, Midland Credit Management, Inc. ("MCM"), and alleges and states:

1. Plaintiff brings this action to secure redress for Defendant MCM's course of conduct that included accessing plaintiff's credit report without consent or any lawful reason, in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

2. Venue is properly before this Court because Defendant MCM is a resident

of and has its principal place of business in this District at the time of the acts complained.

## I. PARTIES

3. Plaintiff is an individual who was a resident and domiciled in the State of New Jersey.

4. Defendant is MCM, an entity formed under the laws of the State of Kansas with its principal place of business in 350 Camino De La Reina Suite 300, San Diego, California 92108.

5. The Defendant has willfully and intentionally participated in the wrongful conduct complained of herein and caused injury to the Plaintiff and others similarly situated to the Plaintiff.

## II. CLASS DEFINITION

6. Amansec also sues on behalf of others who are similarly situated to Amansec. This class of persons consists of the following persons:

> a. Any person in the United States that the Defendant pulled or obtained a consumer report about that person without a permissible purpose or written authorization within the 5 year period preceding the filing of this complaint. The class excludes any person who falls within the definition if the person is (i) an employee or independent contractor of the Defendant; (ii) a relative of an employee or independent contractor of the Defendant; or (iii) an employee of the Court where this action is pending. This definition may be amended or modified.

## III. FACTS

7. Defendant alleged that Plaintiff incurred or owed a certain financial obligation to Webbank/Fingerhut Credit ("Debt" or "Account").

8. To collect the Debt, Defendant subsequently retained or hired Pressler & Pressler, LLP; who filed a complaint on behalf of Midland Funding LLC against Plaintiff to collect the alleged debt in the Superior Court of New Jersey, Law Division, Special

Civil Part, and styled *Midland Funding LLC v. Rommel Amansec*, Case No. BER-DC-6695-15.

9. Although Plaintiff disputed owing the Debt, Plaintiff ultimately paid the Debt in full in November 2015 due to the coercion and stress caused by the collection lawsuit.

10. Defendant's false, misleading, deceptive, unconscionable, and unfair collection conduct is part of a separate lawsuit styled *Amansec v. Midland Credit Management, Inc.*, 2:15-cv-08798-SDW-SCM (D.N.J.).

11. As a result of paying the Debt in full in 2015, if there was any prior obligation at all, Amansec did not have any further liability for the Debt which was serviced by MCM.

12. Upon information and belief, there was no other in personam relationship established or created between Amansec and MCM after Amansec paid the Debt in full.

13. Amansec did not seek credit of any type from MCM after paying the Debt in full.

14. In fact, MCM does not extend credit.

15. MCM's sole business is to collect on charged-off debts purchased by its affiliated companies like Midland Funding LLC. See https://www.midlandcredit.com/who-is-mcm/ (last visited April 20, 2020).

16. Despite the absence of any in personam credit relationship between Amansec and MCM, MCM accessed Amansec's personal information after the Debt was paid in full.

17. MCM obtained information from a consumer reporting agency about Amansec on at least two different occasions: September 17, 2017 and September 14, 2018. Amansec was not aware of the September 17, 2017 intrusions until April 20, 2018.

18. Amansec had not requested credit from the Defendant, nor does MCM offer any credit.

19. Amansec had not authorized Defendant to obtain his private credit report or any information.

### IV. CLASS ALLEGATIONS

20. This action is also brought as a Class Action under **Rule 23** of the Federal Rules of Civil Procedure. Plaintiff proposes to represent himself and the class defined above.

21. The named Plaintiff falls within the Class definition above and is a Class Member.

22. The particular members of the Class are capable of being described without difficult managerial or administrative problems. The members of the Class are readily identifiable from the information and records in the possession, custody or control of the Defendant and the records of the consumer reporting agencies since they charge the Defendant for each pull made by it.

23. Upon information and belief, the Class is sufficiently numerous such that individual joinder of all members is impractical. This allegation is based on the fact that Defendant is a substantial collection agency across the country and in California.

24. There are questions of law and fact common to the Class which predominate over any questions affecting only the individual members of the Class and, in fact, the wrongs alleged against the Defendant are identical. The common issues include, but are certainly not limited to:

> (i) Whether the Defendant obtained or pulled information about the Plaintiff and members of the Class from a consumer reporting agency;

       (ii)    Whether the Defendant can show any permissible purpose or written authorization to obtain or pull private credit information about the Plaintiff or the members of the class;

       (iii)    Whether the Defendant acted willfully, as that term has been interpreted under the FCRA, when it pulled or obtained the private information about the Plaintiff or other members of the Class;

       (iv)    The amount of statutory damages to be assessed against the Defendant;

       (v)    Whether an award of punitive damages against Defendant is appropriate.

25. The Plaintiff's claims are the same as each member of the Class and are based on the same legal and factual theories.

26. There is nothing unusual about the Plaintiff to warrant a material difference between his claims and the claims of the members of the class.

27. Defendant's likely defenses (though unavailing) are and will be typical of and the same or identical for each of the Class Members and will be based on the same legal and factual theories. There are no valid, unique defenses.

28. The named Plaintiff will fairly and adequately represent and protect the interests of the Class.

29. The named Plaintiff has retained counsel that is experienced in consumer litigation. The named Plaintiff's co-counsel is also experienced in consumer cases including having been appointed as class counsel in a number of class actions asserting claims under consumer protection laws.

30. The named Plaintiff does not have any interests antagonistic to the members of the Class.

*Certification Under Fed. R. Civ. P. 23(b)(3)*

31. The Defendant has acted on grounds that apply uniformly across the Class, so that the statutory relief afforded pursuant to **15 U.S.C. § 1681n** is appropriate respecting the Class as a whole. Further, the common questions predominate over any individual questions and a class action is superior for the fair and efficient adjudication of this controversy. A class action will cause an orderly and expeditious administration of Class members' claims, and economies of time, effort, and expenses will be fostered and uniformity of decisions will be ensured.

32. There are no individual questions to establish the claims of the Plaintiff and the Class Members. The claims are based on the failure of the Defendant to have either a permissible purpose or written authorization to pull or obtain the private information of the Plaintiff and members of the class.

33. Plaintiff's claims are typical of the claims of the class members.

34. The Class members have suffered damages, losses, and harm similar to those sustained by the named Plaintiff. This includes the invasion of their privacy. All are entitled to the statutory damages allowed by the FCRA and to any punitive damages that may be awarded.

## COUNT I - FAIR CREDIT REPORTING ACT

35. Amansec incorporates the foregoing paragraphs.

36. The FCRA, 15 U.S.C. § 1681b, provides it is only permissible to obtain a credit report on a consumer with the written consent of the consumer or for certain "permissible purposes, which insofar as pertinent are the extension of credit to, or review or collection of an account of, the consumer, employment purposes, the underwriting of insurance, or in connection with a business transaction that is initiated by the consumer.

37. The requester must affirmatively certify to the consumer reporting agency that a permissible purpose exists. 15 U.S.C. § 1681b(f).

38. Defendant, acting in concert with others, obtained or pulled the consumer report of Amansec and the members of the class without written permission or a "permissible purpose".

39. To obtain the consumer report of Amansec and the other class members, the Defendant had to affirmatively certify that it had either written consent or a permissible purpose.

40. The Defendant knew that it did not have either written consent or a permissible purpose.

41. The FCRA, 15 U.S.C. § 1681q, provides:

> § 1681q.  Obtaining information under false pretenses
> Any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under title 18, United States Code, imprisoned for not more than 2 years, or both.

42. The Defendant obtained information about Amansec and the other class members under false pretenses since the Defendant did not have a permissible purpose or written permission.

43. The FCRA, 15 U.S.C. § 1681n, provides:

> §1681n.  Civil liability for willful noncompliance
> (a) In general. Any person who willfully fails to comply with any requirement imposed under this title [15 USC §§ 1681 et seq.] with respect to any consumer is liable to that consumer in an amount equal to the sum of -
> (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $1,000; or
> (B) in the case of liability of a natural person for obtaining a Consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;
> (2) such amount of punitive damages as the court may

allow; and
(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

44. The FCRA, 15 U.S.C. § 1681p, provides:

§ 1681p.  Jurisdiction of courts; limitation of actions
An action to enforce any liability created under this title [15 USCS §§ 1681 et seq.] may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of—
(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or
(2) 5 years after the date on which the violation that is the basis for such liability occurs.

45. The Plaintiff and the other class members have had their privacy illegally invaded as a result of Defendant's willful actions and they are entitled to statutory damages allowed by the FCRA to compensate them for the invasion of their privacy.

46. The Defendant's actions support an award of punitive damages since they acted knowingly including making false certifications to pull or obtain the private information of the Plaintiff and other class members.

## PRAYER FOR RELIEF

Wherefore, the Plaintiff prays for the following relief and judgment in his favor and the other members of the class and against the Defendant:

a. The Court certify a class of persons defined herein as may be modified or amended;

b. Appoint Plaintiff and his counsel to represent the class certified;

c. Award statutory damages to the Plaintiff and each class member;

d. Award punitive damages against the Defendant;

e. Award the Plaintiff and Class their costs, including attorney fees.

f. Award such other and further relief as may be appropriate and proper.

Class Action Complaint

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: April 20, 2020                /s/ Scott C. Borison
                                     Scott C. Borison

                                     and

                                     Yongmoon Kim, Esq. (*pro hac vice* to be filed)
                                     Kim Law Firm LLC
                                     411 Hackensack Avenue, Suite 701
                                     Hackensack, New Jersey 07601
                                     Tel. & Fax (201) 273-7117
                                     ykim@kimlf.com

                                     *Attorneys for Plaintiff and the Proposed Class*